Electronically Filed 07/05/2013 11:32:46 AM ET

IN THE COUNTY COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  13-011491CC23

SCOTT PADOVA,

      Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF
## INTERROGATORIES TO DEFENDANT

COMES NOW, the Plaintiff, SCOTT PADOVA, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.340, herewith serve upon CARRINGTON MORTGAGE SERVICES the following Interrogatories, numbered 1 through 24. Answers to these Interrogatories must be furnished on or before the thirtieth(30th) day after the service of these Interrogatories.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant was/will be personally served upon the Registered Agent for Defendant together with the Summons and Complaint.

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786

By: */s/ Seth Wieder*
SETH WIEDER, ESQ.
FBN: 91704

*FD-2811*

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT, CARRINGTON MORTGAGE SERVICES

### I.   DEFINITIONS OF TERMS

1.      The term "you" or "your" Defendant CARRINGTON MORTGAGE SERVICES ["CARRINGTON"], the party or parties to which this request is addressed, including attorneys and all other persons acting or purporting to act on behalf of the party or parties, including employees, agents, contractors and servants.

2.      "Debtor/ Plaintiff" means SCOTT PADOVA.

3.      "Property" means that real property owned by Debtor/ Plaintiff, located at , , FL , and being the collateral for subject mortgage obligation.

4.      Unless otherwise specified, "account," "mortgage" or "debt" refers to Plaintiff's alleged obligation that is referenced by you as Account number .

5.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

6.      The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

7.      The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

8.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

9.      The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

10.     As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

11.     The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

12.     The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

13.     The term "representative" refers to any employee, agent, attorney or accountant.

14.     The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

*FD-2811*

15. The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

16. The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

17. The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

18. The term "identify" when used with reference to a meeting, incident, occurrence or conversation means to state its date, place and subjects covered, to identify its participants and to identify all documents reporting upon or otherwise recording or referring to anything that transpired at such meetings.

19. The term "the transaction" or "the transactions" or "account" or "accounts" when used herein without qualifications means the transactions and accounts between and among the Plaintiff and the named defendants in all related activities and agents or assigns of either party.

20. The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

21. "Mortgage" means the deed of trust or security document securing the promissory note, and signed by Debtor/Plaintiff.

22. The term "Complaint" means the Complaint or Amended Complaint in the above-captioned action.

## II.    INSTRUCTIONS

1. Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional information responsive to any request, you shall submit the information promptly.

2. If an objection is made to any interrogatories herein, all information covered by the interrogatory which is not subject to the objection should be provided.

3. Information which may be responsive to more than one interrogatory need not be repeated, however such information should be identified and the interrogatory it was previously responsive to referenced.

4. All headings herein are included only for organization purposes and should not be construed as being part of any interrogatory, or as limiting any request in any manner.

## III.    PRIVILEGE

If any information requested by these interrogatories is claimed to be privileged or any interrogatory is otherwise objected to, please provide the exact grounds upon which the objection is

*FD-2811*

based and identify all persons who presently have access to or are aware of the information requested.

## INTERROGATORIES

1.      State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

2.      Does Defendant provide training to employees involved in contacting borrowers to discuss past due mortgages, modification or forbearance agreements?

     a.      If so, describe the training content, timing and duration of such training.

     b.      If so, describe all documents and audio or visual materials used in such training.

     c.      If so, identify each person involved in providing such training.

3.      Describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Florida Consumer Collection Practices Act("FCCPA").

4.      Identify and describe Defendant's disciplinary policy/policies for it's employees violating state and federal debt collection laws.

5.      In the state of Florida, in the last three years, have you terminated or chosen not to renew the contract of any of your employees, agents or contractors for violating the FCCPA?  If

*FD-2811*

so, how many? Plaintiff is not seeking the names of such persons at this time.

6.      Identify and describe any documents used to describe, record or establish Defendant's methods and techniques to be used in contacting borrowers to discuss past due mortgages, modification or forbearance agreements.

7.      List all of the affirmative defenses Defendant intends to raise upon this matter.

8.      Describe in detail all facts that support each affirmative defense Defendant intends to raise upon this matter.

9.      Identify by name, position and business telephone number all witnesses that Defendant intends to call or may call to testify at trial upon this matter.

10.     Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with borrowers in connection with past due mortgages, modification or forbearance agreements, and Defendant's policies for operating such a system.

11.     Identify and describe each document known to Defendant which is related to the

*FD-2811*

past due mortgage, modification or forbearance agreement of Plaintiff.

12.     State the date that any agent, independent contractor, or employee of the Defendant first contacted Plaintiff regarding their past due mortgage, modification or forbearance of such mortgage.

13.     Identify by caption, court and civil action number all litigation filed against the Defendant in the state of Florida over the past three years which alleged violations of the FCCPA. For each, state if the action is still being actively litigated.

14.     Identify the individual who received Plaintiff's Notice of Appearance in the foreclosure matter alleged to be based upon Plaintiff's mortgage and for which you act as the servicer, a copy of which was attached to Plaintiff's Complaint as Exhibit "A"

15.     Identify the individual who received Plaintiff's letter of representation, a copy of which was attached to Plaintiff's Complaint as Exhibit "B" and state the date on which you received it.

16.     State the date upon which Defendant first became aware that Plaintiff had obtained counsel in regard to the debt.

17.     Identify all individuals who sent Plaintiff letters or who telephoned Plaintiff after April 15, 2013

    a.     What was their position of employment, and responsibilities?

    b.     Why did that individual mail letters to Plaintiff?

    c.     Restate the contents of the letters sent to Plaintiff.

    b.     Why did that individual telephone Plaintiff?

    c.     Restate the contents of the telephone conversation between that individual and Plaintiff.

    b.

18.     State the name, title, address and job description of each employee, manager, director, partner, shareholder and officer of Defendant who authorized, approved, or was aware of the letter sent to Plaintiff on or about May 16, 2013 and attached to Plaintiff's Complaint as Exhibit "C".

19.     What steps does Defendant take when Defendant receives a letter or representation, or other correspondence, indicating that a borrower who is past due on their mortgage and/or disputing the amount of their mortgage has retained an attorney in regard to the debt? Describe the maintenance of all procedures utilized by Defendant in such situations.

20.     Did Defendant hire, pay or authorize any corporations, entities, or individuals, not a party to this lawsuit to contact Plaintiff relating to any collection, modification or forbearance of any debt that Defendant claims Plaintiff owes? If so, identify who these parties are.

21.     If you answered any of these interrogatories by stating that you lacked sufficient knowledge to answer, state what steps you took to determine that you did not have sufficient

*FD-2811*

_____
Affiant

**BEFORE ME**, the undersigned authority, personally appeared

_____, as _____ of
CARRINGTON MORTGAGE SERVICES, and who executed the foregoing Answers to
Interrogatories under oath, who stated that he/she is the person who executed the same and that,
according to his/her best knowledge and belief, the answers are true and correct.

Sworn to and subscribed before me,
this _____ day of _____, 201__.

_____
Printed name _____
Notary Public, State of Florida at Large

My commission expires:

*FD-2811*

Electronically Filed 07/05/2013 11:32:46 AM ET

IN THE COUNTY COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  13-011491CC23

SCOTT PADOVA,

        Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES,

        Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW, the Plaintiff, SCOTT PADOVA, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.370, and requests Defendant, CARRINGTON MORTGAGE SERVICES, to admit in writing the truth of the matters set forth below on or before the thirtieth (30th) day after service of this Request for Admissions.

In the event that any request is denied in whole or in part, you should set forth the reasons for such denial and identify the persons having knowledge thereof and the documents relating thereto.

## DEFINITIONS OF TERMS

1.      The term "you" or "your" Defendant CARRINGTON MORTGAGE SERVICES ["CARRINGTON"], the party or parties to which this request is addressed, including attorneys and all other persons acting or purporting to act on behalf of the party or parties, including employees, agents, contractors and servants.

2.      "Debtor/ Plaintiff" means SCOTT PADOVA.

3.      "Property" means that real property owned by Debtor/ Plaintiff, located at , , FL , and being the collateral for subject mortgage obligation.

4.      Unless otherwise specified, "account," "mortgage" or "debt" refers to Plaintiff's alleged obligation that is referenced by you as Account number .

5.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

6.      The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original

*FD-2811*

by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

7.     The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

8.     The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

9.     The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

10.     As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

11.     The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

12.     The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

13.     The term "representative" refers to any employee, agent, attorney or accountant.

14.     The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

15.     The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

16.     The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

17.     The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

18.     The term "identify" when used with reference to a meeting, incident, occurrence or conversation means to state its date, place and subjects covered, to identify its participants and to identify all documents reporting upon or otherwise recording or referring to anything that transpired at such meetings.

19.    The term "the transaction" or "the transactions" or "account" or "accounts" when used herein without qualifications means the transactions and accounts between and among the Plaintiff and the named defendants in all related activities and agents or assigns of either party.

20.    The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

21.    "Mortgage" means the deed of trust or security document securing the promissory note, and signed by Debtor/ Plaintiff.

22.    The term "Complaint" means the Complaint or Amended Complaint in the above-captioned action.

## REQUEST FOR ADMISSIONS

1.    Admit that you are in the business of servicing mortgages.

2.    Admit that you are servicing the Plaintiff's mortgage loan for Plaintiff's property at , , FL .

3.    Admit that in servicing mortgages, you routinely correspond with borrowers via letters.

4.    Admit that in servicing mortgages, you routinely communicate with borrowers via telephone.

5.    Admit that in servicing Plaintiff's mortgage, you have in the past corresponded with Plaintiff via letter.

6.    Admit that in servicing Plaintiff's mortgage, you have in the past communicated with Plaintiff via telephone.

7.    Admit that in servicing Plaintiff's mortgage, you have in the past communicated with Plaintiff via notices posted on Plaintiff's door.

8.    Admit that prior to May 16, 2013, Loan Lawyers LLC served a Notice of Appearance in a foreclosure matter filed against Plaintiff.

9.    Admit that a true and correct copy of the document referenced in Request #8 is attached to Plaintiff's Complaint in this matter as Exhibit "A".

10.    Admit prior to May 16, 2013, you received a copy of the document attached to Plaintiff's Complaint in this matter as Exhibit "A".

11.    Admit that the document attached to Plaintiff's Complaint in this matter as Exhibit "A" informed you that Plaintiff was represented by counsel in regard to a debt.

*FD-2811*

12.     Admit that your records on the disputed debt contained the letter attached to Plaintiff's Complaint as Exhibit "B".

13.     Admit that the document attached to Plaintiff's Complaint as Exhibit "A" contained Loan Lawyers, LLC's name address and telephone number.

14.     Admit that you sent the letter attached to Plaintiff's Complaint as Exhibit "B" directly to Plaintiff on or about May 16, 2013.

15.     Admit that you telephoned Plaintiff between April 15, 2013 and June 7, 2013.

16.     Admit that on May 16, 2013, you were aware that Plaintiff was represented by counsel.

17.     Admit that prior to the filing of the instant action you were aware Plaintiff was represented by counsel.

18.     Admit that the purpose of servicing the subject mortgage is to collect payment for the owner of the loan.

19.     Admit that Plaintiff is a "consumer" as the term is defined under Florida Statute §559.55(2).

20.     Admit that you are a "creditor" as the term is defined under Florida Statute §559.55(3).

21.     Admit that you are a "person" as the term is defined under Florida Statute §1.01(3).

22.     Admit that the document attached to Plaintiff's Complaint as Exhibit "C" was a communication as the term is defined by Florida Statute §559.55(5).

23.     Admit that the document attached to Plaintiff's Complaint as Exhibit "C" above was a communication made in regard to a debt.

24.     Admit that the document attached to Plaintiff's Complaint as Exhibit "C" was an attempt to collect a debt.

25.     Admit that you do now or in the past, have paid employees or agents whose duties included placing notes on the doors of borrowers, regardless of whether or not you admit that you have paid any employee or agent to do so in regard to Plaintiff.

26.     Admit that you do not know if you currently pay employees or agents to place notes on the doors of borrowers you believe to be in default.

FD-2811

27.     Admit that you do not maintain procedures reasonably adapted to ensure that borrowers are not contacted regarding disputed debts once you have received a letter of representation from the borrowers' attorney.

28.     Admit that damages are due to Plaintiff in the amount of at least $1,000 in this matter.

29.     Admit that Plaintiff is entitled to recover attorney fees and court costs should Plaintiff prevail in this matter.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's Request for Admissions was/will be personally served upon the Registered Agent for Defendant together with the Summons and Complaint.

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786
By: */s/ Seth Wieder*
Seth Wieder, ESQ.
FBN: 91704

*FD-2811*

Electronically Filed 07/05/2013 11:32:46 AM ET

IN THE COUNTY COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  13-011491CC23

SCOTT PADOVA,

           Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES,

           Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

COMES NOW, the Plaintiff, SCOTT PADOVA, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, and requests Defendant, CARRINGTON MORTGAGE SERVICES, to produce for inspection and copying at the offices of the undersigned attorney the documents set forth below on or before the thirtieth (30th) day after service of this Request For Production of Documents.

## I. DEFINITIONS OF TERMS

1.     The term "you" or "your" Defendant CARRINGTON MORTGAGE SERVICES ["CARRINGTON"], the party or parties to which this request is addressed, including attorneys and all other persons acting or purporting to act on behalf of the party or parties, including employees, agents, contractors and servants.

2.     "Debtor/ Plaintiff" means SCOTT PADOVA.

3.     "Property" means that real property owned by Debtor/ Plaintiff, located at , , FL , and being the collateral for subject mortgage obligation.

4.     Unless otherwise specified, "account," "mortgage" or "debt" refers to Plaintiff's alleged obligation that is referenced by you as Account number .

5.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

6.     The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins,

*FD-2811*

meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

7.    The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

8.    The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

9.    The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

10.    As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

11.    The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

12.    The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

13.    The term "representative" refers to any employee, agent, attorney or accountant.

14.    The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

15.    The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

16.    The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

17.    The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

18.    The term "identify" when used with reference to a meeting, incident, occurrence or conversation means to state its date, place and subjects covered, to identify its participants and to identify all documents reporting upon or otherwise recording or referring to anything that transpired at such meetings.

19.    The term "the transaction" or "the transactions" or "account" or "accounts" when used herein without qualifications means the transactions and accounts between and among the Plaintiff and the named defendants in all related activities and agents or assigns of either party.

20.     The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

21.     "Mortgage" means the deed of trust or security document securing the promissory note, and signed by Debtor/ Plaintiff.

22.     The term "Complaint" means the Complaint or Amended Complaint in the above-captioned action.

## II. INSTRUCTIONS

1.     Unless otherwise specified, each production request includes the period of time from January 2004 through the date that the documents responsive to this request are produced by Defendant.

2.     Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly.

3.     If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

4.     Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments. If an appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

5.     Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the Plaintiffs upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

6.     Documents that may be responsive to more than one request need not be submitted more than once; however, such documents should be so identified.

7.     All headings herein are included only for organization purposes and should not be construed as being part of any request, or as limiting any request in any manner.

8.     When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

*FD-2811*

9.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

10.     In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

11.     If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information: date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

## III. PRIVILEGE

If any document would be required to be produced in response to any request except for the fact that a privilege against production is claimed, set forth for each such document:

1.     Its date, title, type of document (memorandum, letter, etc.), and length;

2.     Its waiver, preparer, sender, addressee, recipient and copyee;

3.     A general description of its subject matter (without revealing the information as to which privilege is claimed);

4.     The exact grounds upon which the objection to production is based;

5.     The identity of all persons, in addition to those identified as required by section 2, supra, known to you who have seen or had access to the document;

6.     The identity of the person now in possession of the document.

## IV. DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER UNDER POSSESSION, CUSTODY OR CONTROL

If any document, requested herein was at one time in existence and under Defendant's possession, custody or control but has been lost, discarded or destroyed or has been removed from Defendant's possession, custody or control, with respect to each such document:

1.     Identify and describe such document by date, title and type of document;

2.     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

3.     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document and the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such document was transferred or destroyed; and

4.     Identify all persons having knowledge of the contents thereof.

*FD-2811*

**The following documents are requested to be produced. If you are uncertain as to the meaning of a term is or if you need additional information to understand a request, please contact Plaintiff's Counsel.**

**REQUEST NO. 1:** All documents, call logs, memos, notes or other memoranda relating to any and all attempts, whether successful or not, to contact Plaintiff, between April 15, 2013 and June 7, 2013.

**REQUEST NO. 2:** To the extent that it was not provided in response to Request No 1,, a copy of the document attached to Plaintiff's Complaint as Exhibit "B" from Defendant's records.

**REQUEST NO. 3:** To the extent that they were not provided in response to Request No. 1, all collection notes in the possession of Defendant in regard to Plaintiff's account.

**REQUEST NO. 4:** To the extent that they were not provided in response to Request No. 1, logs and other records detailing all phone calls made by Defendant to Plaintiff between April 15, 2013 and June 7, 2013.

**REQUEST NO. 5:** All documents relating to any third party that was retained, contracted or otherwise hired, to contact Plaintiff.

**REQUEST NO. 6:** Any and all documents that were consulted or referenced in answering the Interrogatories that were served contemporaneously with this Request for Production.

**REQUEST NO. 7:** Each exhibit that Defendant will seek to introduce into evidence at trial upon this matter.

**REQUEST NO. 8:** All documents, logs, or notes regarding the letters(s) that were sent to Plaintiff and regarding the phone calls that were made to Plaintiff after April 15, 2013.

**REQUEST NO. 9:** Any and all documents, logs, or notes pertaining to Defendant's receipt of the notice of appearance submitted by Plaintiff's Counsel in the foreclosure action filed against Plaintiff attached to Plaintiff's Complaint as Exhibit "A".

**REQUEST NO. 10:** Any and all documents, logs, or notes pertaining to Defendant's receipt of the letter of representation from Plaintiff's counsel attached to Plaintiff's Complaint as Exhibit "B".

*FD-2811*

**REQUEST NO. 11**: A copy of the notice of appearance submitted by Plaintiff's Counsel in the foreclosure action filed against Plaintiff and attached to Plaintiff's Complaint as Exhibit "A".

**REQUEST NO. 12**: A copy of Plaintiff's letter of representation, attached to Plaintiff's Complaint as Exhibit "B".

**REQUEST NO. 13**: Any and all documents that support each and every of Defendant's anticipated affirmative defenses.

**REQUEST NO. 14**: Any and all documents which are in any relevant to the instant matter which have not been provided in response to other request for production.

**REQUEST NO 15**: Any and all correspondence or documents which Defendant received directly from Plaintiff, prior to the foreclosure action filed against Plaintiff.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's First Request for Production was/will be personally served upon the Registered Agent for Defendant together with the Summons and Complaint.

> LOAN LAWYERS, LLC
> *Attorneys for Plaintiff*
> 377 North State Road 7, Suite #202
> Plantation, FL 33317
> Telephone:     (954) 523-4357
> Facsimile:     (954) 581-2786
>
>
> By: */s/ Seth Wieder*
> Seth Wieder, ESQ.
> FBN: 91704

*FD-2811*

IN THE COUNTY COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 13-011491CC23

SCOTT PADOVA,
          Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES,
          Defendant.
_____/

## PLAINTIFF'S MOTION FOR TEMPORARY PRELIMINARY INJUNCTION ENJOINING DEFENDANT FROM COMMUNICATING WITH PLAINTIFF EXCEPT THROUGH PLAINTIFF'S COUNSEL

**COMES NOW**, Plaintiff, SCOTT PADOVA, by and through undersigned counsel, and pursuant to Florida Statutes Section § 559.77(2) and Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336, 1346 (S.D. Fla. 2008)("Florida has granted specific statutory authority for a plaintiff to seek injunctive relief under the FCCPA") and Sanz v. Fernandez, 633 F.Supp.2d 1356, 1364 (S.D. Fla. 2009), hereby files this Motion for Temporary Preliminary Injunction Enjoining Defendant From Communicating With Plaintiff Except Through Plaintiff's Counsel and as grounds thereof states:

1.     To grant a temporary injunction it must be demonstrated that (1)there is a substantial likelihood of success on the merits, (2)the injunction is necessary to prevent irreparable injury, (3)the threatened injury outweighs harm that the injunction would cause to the non-moving party and (4)the injunction would not be adverse to the public interest. University Medical Clinics, Inc. v. Quality Health Plans, Inc., 51 So.3d 1191 (Fla. 4th DCA 2011).

2.     Plaintiff has alleged that Defendant has impermissibly communicated with Plaintiff, a copy of one of the offending communications was attached to Plaintiff's Complaint.

3.     This attachment establishes that there is a substantial likelihood that Plaintiff will succeed on the merits in this matter.

*FD-2811*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Temporary Preliminary Injunction was/will be personally served upon the Registered Agent for Defendant together with the Summons and Complaint.

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786

By: */s/ Seth Wieder*
Seth Wieder, ESQ.
FBN: 91704

*FD-2811*